1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HELEN LE, et al.,                           No.  2:16-cv-1447 JAM AC (PS)

12              Plaintiffs,

13        v.                                      ORDER

14    KENNETH EDWARD AZNOE,
      RICHARD EDWARD McGREEVY, et al.,
15
                Defendants.
16

17        Plaintiffs are proceeding in this action pro se.  This matter was accordingly referred to the

18    undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).  Plaintiffs have requested leave to

19    proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.  The request will be denied

20    because (1) the affidavit fails to provide the required information, and (2) the complaint, in its

21    current form, is frivolous.

22                    I.  INSUFFICIENT INFORMATION IN THE IFP APPLICATION

23        Plaintiffs' in forma pauperis application does not make the showing required by 28 U.S.C.

24    § 1915(a)(1).  Plaintiffs disclose that they received money from "Any other sources" during the

25    past 12 months.  ECF No. 2 at 1.  However, plaintiffs fail to disclose "the amount received and

26    what you expect you will continue to receive," although they do identify the sources of the funds,

27    namely "SSI, SSA, IHSS, Financial (UC Davis full time)."  See Id. at 1-2.  Without the requested

28    income information, the court cannot determine if plaintiffs meet the requirements for filing IFP.

## II.  SCREENING

Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file *in forma pauperis.*"  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).  Plaintiffs must assist the court in making this determination by drafting their complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiffs' claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiffs' favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may

2

1   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

2   of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.

3   2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

4   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

5   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

6         A.  The Complaint

7         The complaint is extremely difficult to read.  The allegations consist principally of partial

8   or indecipherable sentences.[1]  The court has nevertheless extracted as much information as it can

9   from the complaint, and sets forth the alleged facts as best it can.  The allegations are presumed to

10  be true only for purposes of this screening.

11        It appears that plaintiff Le was involved in an accident on January 4, 2013, that caused her

12  to become disabled.  Complaint (ECF No. 1) at 7.  As best the court can tell, plaintiff Le sued

13  defendant Aznoe in Yolo County Superior Court on December 20, 2014 for personal injury.

14  Complaint at 34 (Exhibit: Superior Court Complaint).  The case was transferred to Sacramento

15  County Superior Court.  Complaint at 33 (Exhibit: Yolo County Appeals Clerk Declaration).  The

16  complaint seems to allege that in Superior Court, plaintiff Le was told that the court had no

17  authority over the case.  Complaint at 5, 86 (Exhibit: Witness Statement).  Plaintiff Le took her

18  case to the California Court of Appeal, Third District, in Sacramento, but the court did not allow

19  her a hearing, or to "submit [a] full case."  Complaint at 5.  Plaintiff took her case to the

20  California Supreme Court, which denied review, and also refused a hearing.  Complaint at 5, 15

21  (Exhibit: denial of petition for review by California Supreme Court).

22        Plaintiffs sue "Raye P. J," alleged to be a "Judge of the Court Third district," and "Deena

23  Fawceet," alleged to be the Clerk of that court.  Complaint at 6.  Plaintiffs allege that the judge

24  "was not equal and fair, he did not see and hear our voice, he did not seat on the chair in the room

25  at Public Court, he was made pain and hurt for us."  Id.  Plaintiffs allege that the Clerk abused her

26  ////

27

28
---
[1]  The court acknowledges that plaintiff does not speak English.  See Complaint at 16 (Exhibit: "Helen le no English").  The court has done its best to interpret what the complaint is alleging.

1  office, lied and cheated, hid information on the court's system, and failed to stop illegal actions."

2  Complaint at 7.

3       Plaintiffs sue "Frank A. Mcguire Clerk," "Cantil-Sakaye" and "Janell, Jaime," apparently

4  of the California Supreme Court.  Complaint at 7.  It appears that plaintiffs sue these defendants

5  because they did not give plaintiff Le a reason for not reviewing her case, and did not give her a

6  hearing.  Id.

7       Plaintiffs also sue "Marry" and "Hunter," who are identified as "Staff Counsel."

8  Complaint at 4, 7.  The complaint appears to allege that these defendants discriminated against

9  plaintiffs in some way.  See Complaint at 4, 7.

10      B.  Analysis

11          1.  Federal Jurisdiction

12       Plaintiffs allege "diversity" jurisdiction.  Complaint at 5; see 28 U.S.C. § 1332(a)(1).

13  While the complaint alleges that plaintiffs' address is in Davis, California, it also confusingly

14  alleges that plaintiffs are citizens "of the State of OREGON."  Complaint at 6.  Moreover,

15  although the complaint acknowledges that there is a jurisdictional minimum that applies to

16  diversity actions (see Complaint at 5), it fails to allege damages in the jurisdictional amount.

17  Indeed, the complaint does not state any amount of damages that are sought as relief.  The

18  complaint therefore fails to establish the existence of diversity jurisdiction.

19          2.  The Merits

20       The complaint also alleges "federal question" jurisdiction, and so the complaint will be

21  examined on the merits.  Complaint at 5; see 28 U.S.C. § 1331.  Plaintiffs may be alleging that

22  their Due Process rights were violated because their case was thrown out of Superior Court, and

23  because they did not get a live hearing at the California Court of Appeal or the California

24  Supreme Court.  However, the Due Process Clause does not guarantee plaintiffs that their case

25  will not be thrown out of court, nor does it guarantee them a live hearing at the California Court

26  of Appeal or at the California Supreme Court.  Similarly, the complaint seems to allege a

27  violation of plaintiffs' rights under the Americans with Disabilities Act ("ADA").  Complaint

28  at 5, 8, 10.  However, nothing in the complaint gives any indication that the ADA was actually

4

1  violated, nor does the complaint indicate who violated these rights, or how.  The complaint also

2  appears to complain about "fraud," inasmuch as the word "fraud" appears in several pages of the

3  complaint.  See Complaint at 5, 8, 9, 10.  However the complaint fails to allege with any

4  coherence, the circumstances constituting the alleged fraud.  See Fed. R. Civ. P. 9(b) ("[i]n

5  alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . .").

6       A plaintiff must allege with at least some degree of particularity overt acts which the

7  defendants engaged in that support the plaintiffs' claims.  Jones, 733 F.2d at 649.  Plaintiffs'

8  allegation that, for example, a court employee "lied and cheated, hid information on the court's

9  system, and failed to stop illegal actions," does not provide enough information for the court, or

10  the defendant, to know what actually happened, and why it violated plaintiffs' rights under the

11  U.S. Constitution, or any federal law, or how it constituted a fraud.  In addition, there is no

12  indication of how plaintiffs' rights under the ADA were violated, or by whom.  Finally, the

13  actions of the judges whom plaintiffs are suing, appear to have been taken in their roles as judges.

14  As such, those claims are barred by absolute judicial immunity.  See Stump v. Sparkman, 435

15  U.S. 349, 364 (1978).

16       The complaint therefore does not contain a short and plain statement of plaintiffs' claims

17  showing that they are entitled to relief.  Although the Federal Rules of Civil Procedure adopt a

18  flexible pleading policy, a complaint must give the defendant fair notice of the plaintiffs' claims

19  and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ.

20  P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading

21  that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action

22  will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further

23  factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting

24  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

25                      III.      AMENDING THE COMPLAINT

26       Plaintiffs will be provided an opportunity to amend their complaint.  The court will

27  therefore provide guidance for amendment.

28  ////

1    An amended complaint must contain a short and plain statement of the basis for federal

2  jurisdiction.  If plaintiffs claim "diversity" jurisdiction based upon their Oregon citizenship, they

3  must allege their Oregon address, or if none, they must allege their basis for asserting Oregon

4  citizenship.  If plaintiffs claim "federal question" jurisdiction, they must allege what federal

5  constitutional provisions or federal statutes they base their claims upon.

6    An amended complaint must contain a short and plain statement of plaintiffs' claims.  The

7  allegations of the complaint must be set forth in sequentially numbered paragraphs, with each

8  paragraph number being one greater than the one before, each paragraph having its own number,

9  and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be

10  limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).  Forms are

11  available to help plaintiffs organize their complaint in the proper way.  They are available at the

12  Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at

13  www.uscourts.gov/forms/pro-se-forms.

14    Plaintiffs must avoid excessive repetition of the same allegations.  Plaintiff must avoid

15  narrative and storytelling.  That is, the complaint should not include every detail of what

16  happened, nor recount the details of conversations (unless necessary to establish the claim), nor

17  give a running account of plaintiffs' hopes and thoughts.  Rather, the amended complaint should

18  contain only those facts needed to show how the defendant legally wronged the plaintiff.

19    The amended complaint must not force the court and the defendants to guess at what is

20  being alleged against whom.  See  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

21  (affirming dismissal of a complaint where the district court was "literally guessing as to what

22  facts support the legal claims being asserted against certain defendants").  The amended

23  complaint must not require the court to spend its time "preparing the 'short and plain statement'

24  which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not

25  require the court and defendants to prepare lengthy outlines "to determine who is being sued for

26  what."  Id. at 1179.

27    Also, the amended complaint must not refer to a prior pleading in order to make plaintiffs'

28  amended complaint complete.  An amended complaint must be complete in itself without

1  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

2  complaint supersedes the original complaint.  See  Pacific Bell Telephone Co. v. Linkline

3  Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

4  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

5  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

6  original complaint, each claim and the involvement of each defendant must be sufficiently

7  alleged.

CONCLUSION

9        For the reasons explained above, IT IS HEREBY ORDERED that

10        1.  Plaintiffs' request to proceed in forma pauperis (ECF No. 2) is DENIED without

11  prejudice to its renewal with all entries on the form completed.

12        2.  If plaintiffs file a proper IFP application, they may also file an amended complaint.

13        3.  Plaintiffs must file their complete IFP application and amended complaint within 30

14  days of the date of this order.  If plaintiffs file an amended complaint, they must do their best to

15  follow the guidance provided in this order.

16  DATED: July 12, 2016

17  _____

18  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE