UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN LE, et al., | No. 2:16-cv-1447 JAM AC (PS) |
| Plaintiffs, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| KENNETH EDWARD AZNOE, RICHARD EDWARD McGREEVY, et al., | |
| Defendants. | |

Plaintiffs are proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). On July 13, 2016, the court denied plaintiffs' request to proceed in forma pauperis because their application did not contain sufficient information. ECF No. 4. The request was further denied because the complaint did not comply with the "short and plain statement" requirement of Fed. R. Civ. P. ("Rule") 8, and because the portions of the complaint that could be understood either did not state a claim upon which relief could be granted, or asserted claims against defendants who were immune from suit. Id.

Plaintiffs have renewed their request for leave to proceed in forma pauperis, and have submitted an affidavit that makes the showing required by 28 U.S.C. § 1915. ECF No. 6. The court will therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B).

1

I.  SCREENING

Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file *in forma pauperis*."  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).  As the court has already advised plaintiffs, they must assist the court in making this determination by drafting their complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiffs' claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiffs' favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

1  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

2  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

3      A.  The Complaint

4      The amended complaint is extremely difficult to read.  See Complaint for Civil Case

5  Declaratory ("Complaint") ECF No. 5.  The allegations contain many partial or indecipherable

6  sentences.  The court has, once again, nevertheless extracted as much information as it can from

7  the Complaint, and sets forth the alleged facts as best it can.  The allegations are presumed to be

8  true only for purposes of this screening.

9      As best the court can tell, an insurance company failed to pay a claim without a reasonable

10  basis for denial.  Complaint at 5 ¶ III(A).  Two insurance company employees are named as

11  defendants, namely, Richard E. McGreevy, alleged to be an attorney at "Anchor General

12  Insurance," and Jaime Tamayo, alleged to be the President and CEO of "Mapre Insurance

13  Commerce West."  Complaint at 2 ¶ I(B).  The remaining defendants appear to be state court

14  judges and justices who ruled against plaintiffs, and other state court personnel.  Complaint at 2-3

15  ¶ I(B).

16      It appears that plaintiffs took their case against the insurance company or companies to

17  state court, where they lost at the Superior Court, then at the Court of Appeal for the Third

18  District, then at the California Supreme Court.  See Complaint at 6-8.  Plaintiffs have now

19  brought their case to this court.  As best the court can tell, plaintiffs are complaining about the

20  treatment they received in the state court proceedings, and the losses they suffered there.

21      B.  Analysis

22      This Complaint should be dismissed for lack of federal court jurisdiction.

23          1.  No diversity jurisdiction

24      Plaintiffs allege "diversity" jurisdiction.  See 28 U.S.C. § 1332(a).  However, the

25  allegations of the complaint show that plaintiffs are domiciled in, and therefore presumed to be

26  citizens of, California, having lived here for at least the past nine (9) years.  See Complaint at 4

27  ¶ II(B); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("[i]n order to be a

28  citizen of a State within the meaning of the diversity statute, a natural person must both be a

citizen of the United States *and* be domiciled within the State) (emphasis added); Anderson v. Watts, 138 U.S. 694, 706 (1891) ("[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary"). The Complaint lists California addresses for almost all the defendants, and there is no allegation in the Complaint from which the court could infer that those defendants are not California citizens. Therefore, plaintiffs have not met their burden to show that diversity jurisdiction exists. Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990) ("[s]ince its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship").

2.  No federal question jurisdiction

Plaintiffs also allege "federal question" jurisdiction, citing "ADA law."[1] See 28 U.S.C. § 1331. However, the Complaint contains no allegations that plaintiffs were discriminated against because of a disability,  nor how they were discriminated against, nor any other allegation relating to the ADA. The claim is sufficiently insubstantial that it fails to confer federal question jurisdiction. Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012) ("a federal court may dismiss a federal question claim for lack of subject matter jurisdiction" where the claim is "'wholly insubstantial and frivolous'") (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

3.  Rooker-Feldman doctrine bar & immunity

Plaintiffs also cite 42 U.S.C. § 1983, alleging that plaintiffs' Due Process rights were violated. However, the only apparent basis for this claim is that plaintiffs did not receive enough opportunities to make their case, and lost in state court. Specifically, they were thrown out of court, and were not given live hearings on their claims. However, this district court has no authority to review such proceedings of the state courts. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858–59 (9th Cir. 2008) (federal district courts have no authority to directly or indirectly review state court decisions) (citing the "Rooker-Feldman" doctrine);[2] Cooper v. Ramos, 704

---

[1] See Americans with Disabilities Act, 42 U.S.C. §§ 12101-213.

[2] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

1  F.3d 772, 777 (9th Cir. 2012) ("[t]he doctrine bars a district court from exercising jurisdiction not
2  only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of
3  such an appeal"). Plaintiffs' remedy, having lost their case at the state court level, was to seek
4  review by the United States Supreme Court. Mothershed v. Justices of Supreme Court, 410 F.3d
5  602, 606 (9th Cir. 2005) ("state court litigants may therefore only obtain federal review by filing
6  a petition for a writ of certiorari in the Supreme Court of the United States"). In addition, it
7  appears that plaintiffs are suing, among others, state judges and justices for their judicial actions.
8  Such claims are barred by absolute judicial immunity. See In re Castillo, 297 F.3d 940, 947 (9th
9  Cir. 2002) (citing Stump v. Sparkman, 435 U.S. 349, 359 (1978)).

## II.  CONCLUSION

Plaintiffs, to their credit, have somewhat clarified the jurisdictional and substantive allegations in the amendment to their original complaint. However, the clarifications make it even clearer that there is no diversity jurisdiction here, and that any federal claim is jurisdictionally barred by the Rooker-Feldman doctrine. Accordingly, another attempt at amending the complaint in this court would be futile. Moreover, plaintiffs' additional motions and requests are therefore moot, and should be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' request to proceed in forma pauperis (ECF No. 6) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that:

1. This action should be DISMISSED, without prejudice, for lack of federal jurisdiction; and

2. Plaintiffs' remaining "Requests" and "Motions" (ECF Nos. 7, 8, 9, 11, 12), should be DENIED, as moot.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file

5

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2016.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE